**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO:** 8:16cv1079T27MAP

**AMANDA J. SANDERS**

**Plaintiff,**

**vs.**

**THE UNITED STATES OF AMERICA**

**Defendant.**

_______________________________________ /

## COMPLAINT

COMES NOW, **AMANDA J. SANDERS ("SANDERS")** Plaintiff herein, and by and through his undersigned counsel, hereby sues Defendant, **THE UNITED STATES OF AMERICA ("USA")**, and for grounds alleges as follows:

## JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA) §1346(b) and §2671-2680, Title 28, United States Code.

2. On May 18, 2015, Plaintiff submitted his Claim for Damage, Injury or Death (Form 95) to the United States Marshals Service (**"MARSHALS"**). Said claim was received by the **MARSHALS** on June 9, 2015. True and correct copies of the return receipt card documenting receipt of Plaintiff's Administrative Claim, and correspondence from Janice Tate, Tort Claim Analyst, U.S. Department of Justice, Office of General Counsel acknowledging receipt of said claim are attached hereto as Composite Exhibit "A."

TPA 36484
$400

3. Six months have elapsed since receipt of Plaintiff's Administrative Claim by the **MARSHALS** and said claim has yet to be adjudicated. Accordingly, all conditions precedent to filing of the subject action pursuant to the Federal Tort Claims Act have either been met or waived.

4. Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Middle District of Florida, Tampa Division.

**PARTIES**

5. At all times material hereto, the **MARSHALS** was an agency of the **USA**.

6. Alternatively, at all times material hereto, the **MARSHALS** was an agency of the U.S. Department of Justice, an agency of the **USA**.

7. At all times material hereto, Plaintiff, **SANDERS**, was a resident of Sarasota, Sarasota County, Florida.

8. **USA** is an appropriate Defendant under the Federal Tort Claims Act.

9. Defendant, **USA**, can be served with Summons and Complaint herein upon A. Lee. Bentley, III, Esq., United States Attorney for the Middle District of Florida, at 400 W. Washington Street, Suite 3100, Orlando, FL 32801.

10. Plaintiff will send, contemporaneously with service of Complaint herein upon Defendant, **USA,** copies of Complaint and Summons by certified mail to the Attorney General pursuant to Federal Rule 4(i)(1)(B) and to Gerald Auerbach, General Counsel, U.S. Department of Justice, pursuant to Federal Rule 4(i)(2).

## FACTS

11. On June 21, 2013, at approximately 9:50 a.m., Plaintiff, **SANDERS**, was present at the home of Rashard Jabari Hodo in Sarasota, Florida, when U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals conducted a raid at the home while looking for a criminal suspect.

12. At the aforementioned time and place, Plaintiff, **SANDERS**, followed Rashard Jabari Hodo out of the front door of his home when he was forcibly pulled outside by U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals.

13. Plaintiff, **SANDERS**, was then grabbed by her arm, twisted backwards, pushed to the ground and held at gunpoint, and berated and called a liar, by U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals when she could not identify a suspect shown to her in a photograph.

14. The above-referenced incident occurred in front of Rashard Jabari Hodo's neighbors, causing Plaintiff, **SANDERS**, great embarrassment, anxiety and emotional distress.

15. At no time following the incident more particularly described above did U.S. Marshal Matt Wiggins or the other unnamed U.S. Marshals locate any suspect at the home of Rashard Jabari Hodo, or obtain any facts, information or evidence in furtherance of their criminal investigation.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

16. This case is brought against the **USA** pursuant to 28 U.S.C. §2671 *et seq.*, commonly referred to as the Federal Tort Claims Act. Liability of the **USA** is predicated specifically on 28 U.S.C. §1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the aforementioned wrongful acts and/or omissions of U.S. Marshal Matt Wiggins, and other unnamed U.S. Marshals, employees of the **USA**, through its agency. The employees of the **MARSHALS** were acting within the course and scope of their office or employment, under circumstances where the **USA,** if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

17. Pursuant to 28 U.S.C. §2675, the claims of Plaintiff, **SANDERS**, were presented to the appropriate agency of the Defendant, **USA**, on May 18, 2015, and received by the **MARSHALS** on June 9, 2015. Said Defendant failed to respond and/or adjudicate Plaintiff's claims within six months of receipt thereof and, accordingly, Plaintiff's claims are deemed denied by operation of law as of on or about November 18, 2015.

## COUNT I
## ASSAULT AND BATTERY CLAIM AGAINST USA

18. Plaintiff incorporates by reference herein the allegations set forth in paragraphs one (1) through seventeen (17), inclusive, as if fully set forth herein.

19. At all times material to the events of June 21, 2013, more particularly described above, the acts of Defendant, **USA**, by and through U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals against **SANDERS** constituted an assault and battery.

20. At all times during the events of June 21, 2013, more particularly described above, Plaintiff, **SANDERS**, had a legitimate subjective fear of imminent bodily harm as a result of the acts of U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals.

21. At no time during the events of June 21, 2013, more particularly described above, did **SANDERS** expressly or impliedly consent to being touched, assaulted, battered, berated and called a liar at the hands U.S. Marshal Matt Wiggins and other unnamed U.S. Marshals.

22. Defendant, **USA**, as employer and principal, is vicariously liable for the acts of U.S. Marsha, Matt Wiggins and other unnamed U.S. Marshals.

23. As a direct and proximate result of the acts of U.S. Marshal Matt Wiggins, and other unnamed U.S. Marshals, for which Defendant, **USA**, is liable, Plaintiff, **SANDERS**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, aggravation of a pre-existing condition, PTSD, depression, anxiety, embarrassment, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, and loss of ability to lead and enjoy a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and Plaintiff, **SANDERS**, will suffer these losses in the future.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, **AMANDA J. SANDERS**, hereby demands judgment against Defendant, **THE UNITED STATES OF AMERICA**, for all damages allowable by law, costs of this action and such other relief as the Court deems meet and proper.

**RESPECTFULLY** submitted this 29th day of April, 2016.

VINCENT M. D'ASSARO, ESQUIRE
FBN: 471690
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3413
Primary email: VDAssaro@forthepeople.com
Secondary email: GFederhofer@forthepeople.com
Attorneys for Plaintiff

**Doc. #26**